# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0062V
UNPUBLISHED

| | |
|---|---|
| ANGELICQUE TAYLOR,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 17, 2023<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Maximillian J. Muller,* Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Alexa Roggenkamp,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On January 5, 2021, Angelicque Taylor filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine received on October 10, 2019. Petition at 1. Petitioner further alleges the vaccine was administered in the United States, her symptoms persisted for more than six months, and neither Petitioner nor any other party has ever filed an action, or received compensation in the form of an award or settlement, for her vaccine-related injury. Petition at ¶¶ 5-7; Exs 9, 11 at 16. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 17, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On April 17, 2023, Respondent filed a proffer on award of

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation ("Proffer") indicating Petitioner should be awarded $57,500.00. Proffer at 5-6. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award Petitioner a lump sum payment of $57,500.00 (for pain and suffering) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                             **s/Brian H. Corcoran**
                                             Brian H. Corcoran
                                             Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.